**SUMMONS ISSUED**

**CV 12 5813**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
JAYNE LEVY on behalf of herself and
all other similarly situated consumers

                          Plaintiff,

      -against-

MRS BPO, L.L.C.

                          Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 26 2012 ★

LONG ISLAND OFFICE

GLASSER, J.

MANN, M.

### CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Jayne Levy seeks redress for the illegal practices of MRS BPO, L.L.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Cherry Hill, New Jersey.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Jayne Levy*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 5, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter provides various settlement offers and then concludes by stating: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

12. Said letter is contradictory and outrageous, as the *initial paragraphs* of the letter lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in letter seems to suggest that if the debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

13. The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

14. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirteen (13) as if set forth fully in this cause of action.

15. This cause of action is brought on behalf of Plaintiff and the members of a class.

16. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter on or about July 5, 2012 (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Chase Bank USA, NA; and (c) the collection letter was not returned by the postal service as undelivered (a) that the Defendant made deceptive and misleading representation in said letter in violation of 15 U.S.C. §§ 1692e, and 1692e(10).

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

21. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

22. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 20, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street

Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

Return Address:
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

PRESORT
FIRST-CLASS
U.S. POSTAGE &
FEES PAID
HOV SERVICES

S-ONMRSA10  L-STL002  A-2158147-P1
P23MAO00312467 I12468
JAYNE LEVY
2350 OCEAN AVE APT 5C
BROOKLYN NY 11229-3004



Send Payment/Correspondence to:
MRS Associates
1930 Olney Ave.
Cherry Hill NJ 08003
800-689-2102

Office Hours:
Monday - Thursday  8am - 9pm  ET
Friday             8am - 8pm  ET
Saturday           8am - 12pm ET

RE: CHASE BANK USA N.A.
CREDITOR ACCT#:
MRS ACCT#: 2158147
ACCOUNT BALANCE : $5697.58

July 5, 2012

Dear JAYNE LEVY,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options that will enable you to avoid further collection activity being taken against you. We are not obligated to renew this offer.

Option 1: A settlement of 70% off of your current balance, so you pay only $1709.27 in ONE PAYMENT that must be received in this office on or before Jul 20 2012.

Option 2: A settlement of 65% off of your current balance, so you make TWO PAYMENTS of $997.08 each. The first payment must be received in this office on or before Jul 20 2012 and the second payment on or before Aug 24 2012.

Option 3: A monthly payment plan on the full balance of the account.

Payment may be made by calling the number at the bottom of this letter or mailed to the above address. Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance. If you have any questions or wish to discuss alternate arrangements, you MUST contact our office as soon as possible at 800-689-2102 (toll free). When you call please let our representative know that you have received the CHASE BANK USA N.A. Option Letter.

If we do not hear from you, we will assume that you do not intend to resolve your obligation and we will proceed with further collection activity.

Sincerely,

MRS Associates
800-689-2102
MRS Associates is a trade name of MRS BPO, L.L.C.

Chase Bank USA, NA is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a 1099C. If Chase Bank USA, NA is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

NOTICE OF PAYMENT FEE CHARGE
If you elect to make a payment by Western Union, or a credit card, a separate fee will be charged by the payment service provider or processor. These fees are not paid to, nor charged by, MRS BPO, L.L.C.

NEW YORK CITY RESIDENTS:
New York City Department of Consumer Affairs, license number 1292105, 1292103, 1292102.
MRS Associates contact: Michael Perkins Mon - Fri 8 AM - 5 PM ET (888) 334-5677.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collection agency.